# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Date:  February 27, 2009

Courtroom Deputy:  Nel Steffens
Court Reporter:    Suzanne Claar
Interpreter:       Adriana Weisz
Probation Officer: Laura Ansart

**Criminal Action No.  07–cr–00183–REB–13**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Michele Korver |
| Plaintiff, | |
| v. | |
| 13.  ADRIANA MENDOZA-CASTELLANOS, | Darren Cantor |
| Defendant. | |

## SENTENCING MINUTES

**11:01 a.m.    Court in session.**

Appearances of counsel.  Defendant is present on bond.

Interpreter is sworn; parties stipulate as to interpreter's qualifications.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and F.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and three addenda.

Mr. Cantor informs the Court that he has read and discussed the presentence report with the defendant.

Mr. Cantor makes a statement on behalf of the defendant, offers information in mitigation of punishment, and comments on the probation officer's determinations and other matters affecting sentence.

Defendant is sworn.

Statement by the defendant.

Statement by Ms. Korver.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report and addenda.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
7. The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It is ORDERED as follows**:

1. That the plea agreement of the parties as stated in Court's Exhibits 1, 1a, 2, and 2a is formally approved.

2. That the **United States § 5K1.1 Motion for Downward Departure Based on Substantial Assistance** [#806] filed November 21, 2008, is **GRANTED**, but consistent with the foregoing findings and conclusions of the court and the following orders.

3. That the Government's **Motion for One Offense Level Decrease Pursuant to U.S.S.G. § 3E1.1(b)(2) Based Upon Timely Notification of Intention to Enter Plea of Guilty** [#807] filed November 21, 2008 is **GRANTED**, but consistent with the foregoing findings and conclusions of the court and the following orders.

4. That the Government's **Motion to Dismiss Counts 1, 22, and 65 of the Superseding Indictment as to Defendant Adriana Mendoza-Castellanos** [#808] filed November 21, 2008, is **GRANTED**.

5. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count Eleven of the Superseding Indictment.

6. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **twenty-four** (24) months.

7. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three** years; provided furthermore, that within 72 hours of her release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the probation department within the district to which she is released.

8. That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a).

9. That while on supervised release, the defendant shall comply with all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances.

10. That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where she may be during the term of her supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of her DNA;

    - that the defendant shall submit to one drug test within fifteen (15) days from her release from prison, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    - that the defendant, as directed by her probation officer, shall undergo a mental health evaluation, and thereafter, at her own expense, receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by her

> probation officer or as ordered by the court. To ensure continuity of treatment, the probation department is authorized to release psychological reports and/or the presentence report to any person or entity responsible for or involved in the treatment of the defendant for continuity of treatment. The defendant shall abstain from alcohol and all other intoxicants during the course of any such treatment, therapy, counseling, testing, or education;
>
> • that if the defendant is deported, then she shall not re-enter this country, without the lawful approval and consent of the Secretary of the Department of Homeland Security;
>
> • that if the defendant is deported and then granted permission to lawfully return to this country, she report to the nearest United States Probation office within 72 hours of her lawful return to this country;

11. That no fine is imposed.

12. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00.

13. That an order of forfeiture shall enter under Fed.R.Crim.P. 32.2(B)(3) and 21 U.S.C. § 853 on Count Sixty of the Indictment as provided by the Plea Agreement of the parties.

14. That the defendant may voluntarily surrender and report, at her expense, to the institution designated by the Bureau of Prisons by **noon on March 23, 2009.**

The Defendant waives formal advisement of appeal.

Mr. Cantor advises the Court that while he and the defendant had previously discussed a request for facility, they are not prepared at this time to make that request. He states that he will notify the Court immediately if the defendant wants to make the request.

**11:41 a.m.    Court in recess.**

Total time in court:   00:40

Hearing concluded.